UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLAKE EDMOND CODY,<br><br>                Plaintiff,<br><br>    v.<br><br>JIM CROMWELL, Boise City Police Department,<br><br>                Defendant. | Case No. 1:15-cv-00331-REB<br><br>**INITIAL REVIEW ORDER** |

        The Clerk of Court conditionally filed Plaintiff Blake Edmond Cody's Complaint as a result of his status as an inmate and his in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring Plaintiff to file an amended complaint if he intends to proceed.

REVIEW OF COMPLAINT

**1.    Factual Allegations**

        Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at Idaho State Correctional Institution (ISCI). Plaintiff alleges that on May 11, 2014, several Boise police officers—one of whom is the named Defendant in

**INITIAL REVIEW ORDER - 1**

the instant case—used excessive force during the course of Plaintiff's arrest. (Compl., Dkt. 3, at 2.) Plaintiff states that, because the initial force used by the officers rendered Plaintiff unable to see "where hands were placed," Plaintiff was then subjected to "more aggressive force." (*Id*.)

Plaintiff was hospitalized as a result of his injuries and asserts that he suffered abrasions on his ankle, shoulder, elbow, knees, and face. The officers' use of force also allegedly caused swelling and bruising around Plaintiff's eyes, bloody hands, and a bloody nose, as well as PTSD and mental anguish. (*Id*.)

2.     **Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-

**INITIAL REVIEW ORDER - 2**

harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has not alleged sufficient facts to proceed with his Complaint. The Court will grant Plaintiff 30 days to amend his Complaint, however. Any amended complaint must comply with the following standards.

3.   **Excessive Force Claim against Officer Cromwell**

Claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment's "reasonableness" standard," which requires "balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053-54 (9th Cir. 2007). First, the "quantum of force" must be assessed. Second, the governmental interests at stake must be analyzed in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.*

Plaintiff describes the force used upon him only as "excessive." There are no factual allegations from which the Court can draw a plausible inference as to the quantum

**INITIAL REVIEW ORDER - 3**

of force used or the severity of the crime for which Plaintiff was arrested. Similarly, the circumstances surrounding Plaintiff's arrest are unknown. If Plaintiff intends to amend his Complaint, he should include specific factual details about his arrest, including what Plaintiff was doing, what Officer Cromwell was doing, and all interactions between Plaintiff and Defendant.

4.      **Potential Claims against the City of Boise**

It is unclear whether Plaintiff intends to assert a claim of excessive force against the City of Boise or the Boise Police Department. To bring a § 1983 claim against a municipality (local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Deptartment of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a

**INITIAL REVIEW ORDER - 4**

traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010).

If Plaintiff intends to assert an excessive claim against the City of Boise in an amended complaint, he should include facts meeting the above standards.

5.   **Standards for Amended Complaint**

If Plaintiff chooses to amend his § 1983 complaint, he must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient . . . ." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)). Rather, the complaint must allege in specific terms the following: (1) the particular governmental policy or custom which caused the deprivation of his constitutional rights or the names of the persons who caused or personally participated in causing the alleged deprivation of his

**INITIAL REVIEW ORDER - 5**

constitutional rights; (2) the dates on which the conduct of each defendant allegedly took place; and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended"); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if his amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and

**INITIAL REVIEW ORDER - 6**

repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff shall have 30 days within which to file an amended complaint as described above. If Plaintiff does so, he must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, his case may be dismissed without further notice.

2. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice.



DATED: **September 28, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 7**